IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY ENGINEERING CORPORATION,<br>25 Loventon Circle<br>Sparks, MD 21152,<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Jose Arteaga Rivas ("Arteaga") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Fidelity Engineering Corporation ("Defendant" or "Fidelity") unlawfully discriminated against Arteaga by discharging him based on his disability and, alternatively, denying him a reasonable accommodation for his disability. The Commission also alleges that Defendant failed to re-hire Arteaga based on his disability and in retaliation for filing an EEOC Charge. The Commission further alleges Defendant commingled personnel and medical records.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Fidelity Engineering Corporation, has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Arteaga filed a charge with the Commission alleging violations of Title I of the ADA by Fidelity Engineering Corporation. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     At all relevant times, Arteaga was qualified as defined by the statute, and meeting Defendant's legitimate job expectations.

a.     Arteaga began working for Defendant in 2004 as a Sheet Metal Mechanic ("SMM") and at all times was able to perform the essential functions of this position with or without an accommodation. In August 2010, Arteaga developed endocarditis (infection of the inner lining of the heart) which led to aortic valve replacement surgery in September 2010. Following his surgery, he was permanently placed on blood thinner medication to avoid the risk of blood clots which arises from having an artificial valve. Arteaga then began a long recovery period during which time he was unable to care for himself. Beginning in or around January 2011, Arteaga's physician released Arteaga to return to work as a SMM without restrictions. Defendant, however, refused to permit Arteaga to return to work. In a letter dated February 4, 2011, Defendant terminated Arteaga's employment, stating "[g]iven the nature of [his] job as a Sheet Metal Mechanic, it is too risky to allow [him] to return to [his] previous line of work." Attached to the February 4, 2011 letter was a Notice of Discharge which stated that Arteaga was "unable to return to job as a Sheet Metal Mechanic due to ongoing medical condition."

b.     From August 2010 through January 2011, Arteaga was substantially limited in the major life activity of caring for himself. Since August 2010, he has been substantially limited in major bodily functions, including but not limited to circulatory, cardiovascular, and pulmonary functions.

3

  c. Arteaga is actually disabled based on impairments to his cardiovascular, circulatory, and pulmonary functions, as described in Paragraph 8(a) and (b) above.

  d. Arteaga has a record of such impairments, as described in Paragraph 8(a) and (b) above.

  e. Defendant regarded Arteaga as disabled.

  9. On December 14, 2011, Arteaga filed a Charge of discrimination against Defendant with the EEOC concerning his termination.

  10. In the Spring of 2012, Arteaga applied for a SMM position at Defendant's Beltsville, Maryland facility. Defendant refused to rehire him.

  11. Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) when it discharged Arteaga in or around February 2011 based on his actual disability or record of a disability.

  12. Alternatively, beginning in or around February 2011, Defendant engaged in unlawful employment practices in violation of Sections 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A) by failing to reassign Arteaga into a vacant position as reasonable accommodation for his disability.

  13. Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) when it discharged Arteaga in or around February 2011 because it regarded him as disabled.

  14. Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) when it failed to rehire Arteaga as a SMM at its Beltsville

location in or around May 2012 based on his actual disability or record of a disability or because it regarded him as disabled.

15. Defendant also engaged in unlawful employment practices in or around May 2012 in violation of Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a), by refusing to re-hire Arteaga as a SMM at its Beltsville location in retaliation for filing a Charge with the EEOC.

16. Since at least August 2012, Defendant has also violated 42 U.S.C. § 12112(d) by failing to keep separate personnel and medical records.

17. The effect of the practices complained of above in Paragraphs 11-15 has been to deprive Arteaga, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Arteaga.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the bases of disability or retaliation;

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent retaliation from occurring in the future;

C.  Order Defendant to make whole Arteaga by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.  Order Defendant to make whole Arteaga by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-15 above.

E.  Order Defendant to make whole Arteaga by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.  Order Defendant to pay Arteaga punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability and retaliation for having engaged in protected activity in the workplace;

G.  Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability or in retaliation for having engaged in protected activity, including that it will comply with all aspects of the ADA;

H.  Order Defendant to maintain separate personnel and medical records in accordance with 42 U.S.C. § 12112(d).

I.    Grant such further relief as the Court deems necessary and proper in the public interest; and

J.    Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/*

DEBRA M. LAWRENCE
Regional Attorney

*/s/*

MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

*/s/*

LINDSEY ANNE WHITE
Trial Attorney
Bar No. 29183
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)

7