UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:13-cv-00098-RDB |
| v. | ) ) | |
| FIDELITY ENGINEERING CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Fidelity Engineering Corporation ("Fidelity"), alleging that Defendant unlawfully discriminated against Jose Arteaga Rivas ("Arteaga") by discharging him based on his disability and, alternatively, denying him a reasonable accommodation for his disability, and also failing to re-hire Arteaga based on his disability and in retaliation for filing an EEOC Charge in violation of Section 102(a) of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A), and Title V of the ADA, Section 503(a), 42 U.S.C. § 12203(a). The Commission also alleged that Defendant failed to keep separate personnel and medical records in violation of 42 U.S.C. § 12112(d). The parties desire to resolve the Commission's action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

1

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1.      This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanate from the Charge of Discrimination filed by Arteaga. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2.      This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3.      Defendant denies the allegations in the Complaint, and this Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

### Relief to Jose Arteaga

4.      Within ten business days of entry of this Decree, Defendant shall:

a.      Pay Arteaga monetary relief in the total amount of $88,500, representing $1,000 in attorney's fees, $25,000 in back pay and monetary benefits with interest, and $62,500 in non-pecuniary compensatory damages. Defendant shall administer proper withholdings from the back pay portion of the payment for taxes and required employee contributions under FICA.

2

Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay and monetary benefits with interest.

b.      The check will be sent directly to Arteaga and a photocopy of the check and related correspondence will be electronically mailed to the EEOC, c/o Lindsey White, Lindsey.white@eeoc.gov.   Defendant will issue Arteaga a United States Internal Revenue Services Form 1099 for the 2013 tax year for the compensatory damages and attorney's fees amounts paid to him and a W-2 form for the 2013 tax year for the back pay paid to him.

### Injunctive Relief

5.      Defendant, its officers, agents, servants, employees, successors, and assigns are enjoined from violating the provisions of Title I of the ADA, and shall refrain from discriminating or taking adverse employment actions against disabled individuals on the basis of their disability or on the basis of the need to accommodate their disability, and further shall provide reasonable accommodations to such individuals.

6.      Defendant, its officers, agents, servants, employees, successors, and assigns are enjoined from violating the provisions of Title V of the ADA, and shall refrain from retaliating against any individual because he or she has engaged in protected activity, including by opposing acts of discrimination or participating in investigations of discrimination.

7.      Defendant, its officers, agents, servants, employees, successors, and assigns are enjoined from violating the provisions of 42 U.S.C. § 12112(d), and shall refrain from commingling personnel and medical records.

## Written ADA Policies & Procedures

8.      Within sixty (60) days of the entry of this Decree, Defendant will implement and maintain written policies which address the prohibition of retaliation and disability discrimination under the Americans with Disabilities Act previously identified by the parties. The written policies shall address Defendant's duty to reasonably accommodate qualified individuals with disabilities and shall contain procedures for employees requesting reasonable accommodations under the Americans with Disabilities Act, which shall include reassignment as a reasonable accommodation.

9.      Defendant will distribute a copy of the written policies and procedures described in Paragraph 8 above to all of its employees within sixty (60) days of the entry of this Decree, include the policies in all employee handbooks, post the policies on the employee Intranet, and shall distribute a copy of the written policies and procedures to all employees hired thereafter within five (5) days of the commencement of their employment. Within ten (10) days of the implementation and dissemination of the modified policies, Defendant will provide certification to the Commission that the same has occurred.

10.      For purposes of determining whether an employee presents a direct threat, Defendant will make such determination based upon an individualized assessment of the individual's present ability to safely perform the essential functions of the job. The assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence. In determining whether an individual would pose a threat, the factors to be considered include:  (1) the duration of the risk, (2) the nature and severity of the potential harm, (3) the likelihood that the potential harm will occur,

4

and (4) the imminence of the potential harm. Defendant will consider only the employee's actual job duties as well as the work environment.

11.     Defendant shall ensure that it maintains separate personnel and medical records.

## Training

12.     Within the first year of the effective date of the Decree, Defendant shall provide four hours of live training on retaliation and the ADA, with a particular focus on conducting a direct threat analysis, reasonable accommodations, the interactive process, and individualized assessment of disability and direct threat. This training shall be provided to all human resources and management personnel with job duties related to determining whether an employee poses a direct threat and/or determining reasonable accommodations.

a.     The initial training shall be designed and administered by a trainer approved by the EEOC. Defendant shall submit the trainer's credentials to the EEOC within thirty (30) days of the entry of the Decree. Defendant shall submit the content of the training program for EEOC approval within sixty (60) days of the entry of the Decree. The EEOC shall provide approval, disapproval, and/or commentary within ten (10) days of receipt.

b.     Defendant shall also provide such training to all persons who acquire such positions during the term of the Decree within sixty (60) days of their first day at work in such positions. This training may be pre-recorded.

c.     Within ten (10) days of any training required by Paragraph 12, Defendant shall submit certification that training occurred with a list of personnel in attendance.

## Notice and Postings

13.     Within ten business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations,

29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted at its facility.

14. Within ten (10) business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at its facility Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall also be signed by a management official with the date of actual posting shown thereon. Should the Exhibits become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibits are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice (Exhibit A) and written certification that all Exhibits have been posted and a statement of the location(s) and date of posting.

Monitoring Provisions

15. On a semi-annual basis, Defendant will prepare and submit to the Commission a list of all individuals who have complained (internally or externally) of or reported any discrimination in employment on the basis of disability during that period. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that period, Defendant will so inform the Commission's Baltimore Field Office.

16.     In addition to the monitoring provisions set forth elsewhere in this Decree, an attorney of record or other member of EEOC's Legal Department may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times.  Upon eight (8) days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by EEOC, and upon ten (10) days' notice, Defendant will make available facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

17.     All materials required by this Decree to be sent to EEOC shall be sent electronically to Lindsey White, Lindsey.white@eeoc.gov.

18.     The Commission and Defendant shall bear their own costs and attorneys' fees.

19.     The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

/s/

_____
P. David Lopez
General Counsel

/s/

_____
James L. Lee
Deputy General Counsel

/s/

_____
Debra M. Lawrence
Regional Attorney

/s/

_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/s/

_____
Lindsey A. White (Bar No. 29183)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 962-4270

FOR DEFENDANT:

/s/

_____
Craig F. Ballew
Signed by Lindsey A. White with express
permission of Craig F. Ballew
Federal Trial Bar No.: 04932

/s/

_____
Michael K. Hourigan
Signed by Lindsey A. White with express
permission of Michael K. Hourigan
Federal Trial Bar No.: 28583

Ferguson, Schetelich & Ballew, P.A.
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
(410) 837-2200

**SO ORDERED.**

Signed and entered this _6_ day of __June__, 2013.

_____
Richard D. Bennett
United States District Judge